**Douglas WELCH, Appellant,**

v.

**DOSS AVIATION, INC. and Harold Krimsky, Appellees.**

**No. 07–97–0305–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 12, 1998.

Killian, Hayden & Cunningham (David L. Cunningham), San Antonio, for appellant.

Foster, Heller & Kilgore, P.C. (Susan Stone, Robert Kilgore and Ramon D. Bissmeyer), San Antonio, for appellee.

Before BOYD, C.J., DODSON and QUINN, JJ.

DODSON, Justice.

This is an appeal from a summary judgment rendered in favor of the appellees, Doss Aviation, Inc. (Doss) and Harold Krimsky (Krimsky). Douglas Welch, appellant, filed a wrongful termination action and a slander action against his employer, Doss, after being terminated in August, 1995. In eight points of error, Welch complains that the trial court erred in excluding certain affidavit testimony from summary judgment consideration, and in granting summary judgment. For the reasons set forth below, we affirm.

Doss, under contract with the United States Air Force, operates a pilot screening program designed to identify candidate pilots for Air Force pilot training. Welch was hired by Doss as a pilot and instructor in May of 1994. On August 11, 1995, Doss hosted a group of ROTC cadets. On that day, Doss was not actually training the cadets, but rather allowing them to watch the instructors' flying behavior inside an airborne plane. Welch was one of the instructors involved in the day's events. Just prior to landing on the first flight, Welch performed, and was seen performing, an aerial maneuver (a one leaf clover).

Doss contends the maneuver was unauthorized and done inside the flight pattern where other instructors and planes were traveling. Welch claims that the maneuver was previously approved by the assistant flight commander of Doss, and that it was performed at three times the altitude of the flight lane. Upon landing, Welch was removed from duty for the day by Ron Preston, Welch's immediate superior. Krimsky, Doss's manager, investigated the matter and ultimately fired Welch. Shortly thereafter, Krimsky circulated a memo to Doss personnel describing the August 11 event to stress that a certain standard would be maintained in order to comply with Doss's obligations under its military contract. Welch contends the information in the memo was false and unnecessarily communicated.

Welch filed suit in November, 1995. Doss, in its motion for summary judgment, claimed that it had no contract with Welch and that he was an at-will employee subject to termi-

nation at any time. Additionally, Doss and Krimsky claimed that the allegedly slanderous statement made in the memo was true and privileged. The trial court granted summary judgment on both actions on April 1, 1997.

In granting summary judgment, the trial court sustained a number of Doss's evidentiary objections to the summary judgment proof offered by Welch. By his first seven points of error, Welch contends that the trial court erred in excluding specific statements from his summary judgment affidavit, and that such error caused reversible harm. Addressing each in turn, we conclude that the court either did not err in excluding the evidence, or any resulting error was harmless.

■ The following statements were excluded from Welch's summary judgment affidavit by the trial court as being hearsay:

It was represented to me on several occasions, both orally and in writing, that I would be hired for life, as long as I performed my duties in a satisfactory manner. These representations were made to me by James Campbell, the head man at Doss, after I initially started employment with this company.

I was told by Mr. Campbell that the Employee Handbook contained all the employee's [sic] rights and limitations, and to follow it with strict adherence.

Welch submits that these statements were offered to prove the existence of an employment contract. He contends that they were admissible and that their exclusion was reasonably calculated to cause and probably did cause rendition of an improper judgment. We disagree.

■ Summary judgment affidavits may not be based on hearsay. *Einhorn v. La-Chance*, 823 S.W.2d 405, 410 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.), *cert. denied,* 517 U.S. 1135, 116 S.Ct. 1420, 134 L.Ed.2d 544 (1996). Moreover, the admission or exclusion of evidence is a matter within the discretion of the trial court. *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 649 (Tex.1985). To obtain reversal upon the improper admission or exclusion of evi-

dence, a party must show that (1) the admission or exclusion was error, and (2) the error was calculated to and probably did cause the rendition of an improper judgment. *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394, 396 (Tex.1989). Finally, under Texas Rule of Civil Procedure 166a(f), there is no difference between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997), *citing Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

Welch contends that the first two statements are admissible as admissions by a party opponent under Texas Rule of Civil Evidence 801(e)(2). That rule provides that a statement is not hearsay if offered against a party, and it is his own statement either in his individual or representative capacity. Doss concedes that James Campbell, Krimsky's predecessor, was manager of Doss when Welch was hired. Assuming arguendo that the statements by Campbell were admissible under 801(e)(2), we conclude that the exclusion of such was not reasonably calculated to nor probably did result in rendition of an improper judgment.

■ Neither of the statements attributed to Campbell do anything to modify the at-will employment relationship. Absent a specific agreement to the contrary, an employer may terminate an employee at will, for good cause, bad cause, or no cause at all. *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888); *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993). It is true that modification of the at-will relationship can be oral. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991). Moreover, an employment contract for an indefinite term is considered performable within a year, placing such agreements outside the writing requirement of the Statute of Frauds. *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (Tex. 1961).

■ Nevertheless, for such a contract to exist, oral statements must show that the employer intends to make a binding contract

of employment; the employer must unequivocally indicate a definite intent to be bound to not terminate the employee except in clearly specified circumstances. *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501, 41 Tex.Sup.Ct.J. 537, 538, 1998 WL 107922 (Mar. 13, 1998). General comments that an employee will not be discharged so long as his work is satisfactory, or that he will be terminated only for "good reason" or "good cause" without agreement on what those terms encompass, do not manifest such intent. *Id.* These types of comments are simply not definite enough to constitute an enforceable contract.

▆▆▆▆ In conjunction with Campbell's statements, Welch relies on Doss's employee handbook as the basis for the alleged contract. Generally, employee handbooks do not create an employment contract absent a contractual provision that alters the at-will status in a meaningful and special way. *Vida v. El Paso Emp. Fed. Credit Union*, 885 S.W.2d 177, 180 (Tex.App.—El Paso 1994, no writ); *Cote v. Rivera*, 894 S.W.2d 536, 541 (Tex.App.—Austin 1995, no writ); *Hicks v. Baylor Univ. Med. Ctr.*, 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied). Recently, the Supreme Court in *Brown* cited with approval *Byars v. City of Austin*, 910 S.W.2d 520, 523–24 (Tex.App.—Austin 1995, writ denied). There, the Austin Court held that an employee handbook's description of usual disciplinary procedures was not "clear and specific" enough to modify an at-will employment. *See Montgomery Cty. Hospital District v. Brown*, 965 S.W.2d 501, 41 Tex.Sup.Ct.J. at 539. Here, both parties included Doss's employee handbook in their summary judgment evidence. We conclude that the handbook's provisions are simply not specific nor definite enough to constitute an employment contract, even in conjunction with Campbell's statements.

In their briefs, the parties point out the Doss handbook's provisions relate to termination, probationary hiring, and discipline. The book provides for a 90–day probationary period during which the employee can be "dismissed without cause or prejudice." However, it does not expressly state that after the probationary period ends the employee can only be terminated for cause, nor does it describe what would constitute cause for termination. Additionally, under "Termination of Employment," the handbook lists four reasons the company could terminate an employee. The first is "commission of a criminal act, or of *any activity which is deemed detrimental to the best interests of the company*" (emphasis added). This language hardly seems to restrict Doss's right to terminate. Moreover, nowhere in the "Termination of Employment" section is there clear, definite language restricting such right in a meaningful and special way. Finally, Welch points out the disciplinary procedures. This section lists "some examples of causes" for discipline. "[T]ermination for cause" is one of the possible disciplinary actions. Again, however, nothing in this section of the handbook expressly limits Doss's right to fire employees to the list of infractions provided. Indeed, the language is general, providing "examples" of violations and a range of possible discipline including termination.

Finally, neither of Campbell's statements are related to Welch's slander action. Accordingly, we conclude that even if Campbell's statements were admissions by Doss and improperly excluded by the trial court, the exclusion was not calculated to nor probably did cause rendition of improper judgment. Therefore, such error, if any, was harmless. Thus, we overrule Welch's first and second points of error.

▆▆▆▆ This brings us to the third and fourth statements excluded by the trial court as hearsay. These statements are as follows:

[Ron Preston, Doss's assistant flight commander] briefed the flight route, approved aerobatic maneuvers that could be flown along the route to include Aileron and Barrel Rolls and one leaf clover maneuvers for ninety degree heading changes.

I protested to Mr. Preston that I was above the pattern, and when I asked [Air Force] Captain Craven why he wanted me to quit, he said I was doing acro-maneuvers at 800 MSL [mean sea level].

Welch contends that these statements are also admissible under Rule 801(e)(2)(A) as

admissions and that their exclusion was calculated to cause and probably did cause rendition of improper judgment. We do not agree.

Even assuming arguendo that Preston's statements during the flight briefing are admissible under Rule 801(e)(2), Preston's briefing does not prove the existence of an employment contract. Absent such contract, Doss was justified in firing Welch for any reason, even if he performed an approved maneuver in flight. Likewise, Preston's briefing is not relevant to Welch's slander action, which focuses on whether the maneuver was executed in the flight lane. Thus, the exclusion of this statement was harmless error.

■■■ Additionally, both parties' evidence showed that Captain Craven was a U.S. Air Force officer and not an agent or employee of Doss. Clearly, his statements are hearsay outside the scope of Rule 801(e)(2). However, Welch also argues that the fourth statement is admissible as nonverbal conduct intended as a substitute for verbal expression as defined under Rule 801(a). On one hand, 801(a) merely defines what is a statement. It does not address whether a statement is admissible or not. Once objected to, a statement will not be admitted unless it is shown not to be hearsay or is hearsay subject to some exception. Here, the excluded phrase clearly relates verbal statements from Welch to Craven, and from Craven to Welch. While Welch can testify as to what he said, Craven's response is hearsay. Accordingly, we overrule Welch's third and fourth points of error.

■■■ By his fifth, sixth, and seventh points, Welch contends the trial court erroneously excluded three additional statements from his summary judgment evidence. The trial court excluded these statements as reflecting Welch's subjective beliefs or rendering legal conclusions. The three statements are as follows:

I felt that because the representations and promises Doss Aviation made prior to my entering into a contract with Doss Aviation and prior to receiving a copy of the Employee Handbook that my job security was stable.

However, Doss Aviation, by and through its Manager, violated several provisions [of the Employee Handbook], including but not limited to the termination of an employee without grounds, violation of the privacy provision, and violation of the gossip provision....

... [T]he conduct described above [ie, the one clover leaf maneuver] is taught and was taught by Air Force Pilots. It is not in any way, shape or form illegal.

We conclude that the trial court properly excluded each of these statements or that any error was harmless.

■■■ Summary judgment affidavits must set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex.1988). Affidavits consisting of nothing more than conclusions or expressions of subjective belief are not competent summary judgment proof. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Moreover, legal conclusions in affidavits are insufficient to raise fact questions in response to a motion for summary judgment. *Beta Supply, Inc. v. G.E.A. Power Cooling Systems, Inc.*, 748 S.W.2d 541, 542 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■■■ Welch again argues that the statement regarding his feelings about job security was admissible under Rule 801(a) as nonverbal conduct. However, this statement is clearly indicative of how he "felt," and it contains the legal conclusion that he had a contract with Doss. Moreover, the trial court did not exclude the statement as being hearsay, thus Rule 801 is not at issue here. Under Texas Rule of Civil Procedure 166a and the concurrent case law, summary judgment affidavits based on conclusions or subjective belief are not competent evidence sufficient to raise a fact issue. We conclude that the court did not err by excluding these statements. Accordingly, we overrule Welch's fifth point of error.

■■■ Additionally, the statement regarding Doss's violation of the handbook provisions is on its face conclusory. However,

assuming arguendo that the statement was improperly admitted, it is simply not relevant to any material fact in either action. It does nothing to show the existence of an employment contract, and it does not draw into question the truth of any statement by Doss or whether such statements were privileged. Consequently, the statement was not admissible, and assuming arguendo that the statement was admissible, its exclusion was harmless error.

 Welch further contends that the sixth and seventh statements were admissible under Texas Rule of Civil Evidence 702, allowing expert testimony. Experts are permitted to provide opinion testimony that includes mixed questions of law and fact. *See* Tex.R. Civ. Evid. Rule 704. However, experts are not permitted to testify regarding their opinions as to pure questions of law. *Holden v. Weidenfeller*, 929 S.W.2d 124, (Tex.App.—San Antonio 1996, writ denied). Likewise, conclusory statements made by an expert witness are insufficient to support summary judgment. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991), *citing Vinklarek v. Cane*, 691 S.W.2d 108, 111 (Tex.App.—Austin 1985, writ ref'd n.r.e.). The statement indicating that the maneuver was not illegal is plainly addressing a pure law matter, and is a conclusory statement. It was properly excluded. Likewise, the sixth statement alleging that Doss violated its own handbook is conclusory. Therefore, we overrule Welch's sixth and seventh points of error.

 By his eighth point of error, Welch contends that the trial court erred in granting Doss's motion for summary judgment. Again, we disagree.

 Summary judgment is only proper when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). The movant must either conclusively prove each element of an affirmative defense, or conclusively disprove at least one element of the non-movant's action. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). On appeal, evidence favorable to the non-movant is tak-

en as true and every reasonable inference must be indulged in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Also, any doubts are resolved in the non-movant's favor. *Id.* Evidence favoring the movant is considered only if it is uncontroverted. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965). Finally, when the motion for summary judgment alleges more than one basis for support, and the trial court's order is silent as to the reason for granting the motion, the summary judgment must be affirmed if any of the theories are meritorious. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

As we have previously discussed, Texas is an at-will employment state. An employer can fire an employee for good cause, bad cause or no cause at all unless there is a clear, definite, express agreement that alters the standard relationship in a meaningful and special way. In the case before us, the evidence conclusively showed that there was no such agreement modifying the at-will relationship.

Doss's summary judgment evidence included Welch's deposition testimony where he was "unable to recall" any provision in the employee handbook making him a permanent employee. Both parties' evidence contained the handbook which allows termination for "any activity deemed detrimental to the best interest of the company," "infractions of the rules of conduct," and "violation and/or disregard of safety regulations." Examining the evidence in the light most favorable to the non-movant, we conclude that the summary judgment evidence fails to establish the existence of an employment contract altering the at-will relationship. Accordingly, the trial court did not err by granting summary judgment as to the wrongful termination action.

 The trial court also granted summary judgment for Doss on Welch's slander claim. After Welch's termination, Doss's manager, Krimsky, circulated a memo to other instructors explaining why an instructor had been fired. The memo did not mention Welch by name, although Welch presented evidence that he was the only person accused

of the acts discussed in the memo. Doss presented Welch's own deposition testimony where Welch admitted that all the statements in the memo were true except for one. Therefore, the slander action rests on the single statement that Welch performed "an unauthorized maneuver in the traffic pattern...."

Slander is (1) a defamatory statement that is (2) communicated or published to a third person (3) without legal excuse. *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 646 (Tex.1995). In suits brought by private individuals, truth is an affirmative defense to slander. *Id.* Also, an employer has a qualified privilege attached to communications made in the course of investigating a report of wrongdoing by an employee which remains intact as long as the communications pass only to persons having an interest or duty in the matter to which the communications relate. *Id.* To invoke this privilege on summary judgment, the movant-employer must conclusively show the statement was made without actual malice. *Id.* Actual malice does not include ill will, spite, or evil motive, but it is the making of a statement with knowledge that it is false or with reckless disregard of whether it is true. *Hagler v. Proctor & Gamble Mfg. Co.,* 884 S.W.2d 771, 772 (Tex.1994). Finally, the existence of the qualified privilege is a question of law for the trial court. *Schauer v. Memorial Care Systems,* 856 S.W.2d 437, 449 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Doss's evidence shows that the memo in question was circulated to other civilian pilot instructors working for Doss. Welch's assertion that the memo was circulated to "other personnel" is speculation and does not constitute competent summary judgment proof. We conclude that the circulation of the memo to other pilots at Doss was within the scope of the privilege.

To support his position that Krimsky acted with reckless disregard for the truth and thus malice, Welch argues that Doss did not check FAA records and failed to obtain a written statement from Welch himself. We are not persuaded that Doss had to do these things to prove lack of actual malice. Reckless disregard is a high degree of awareness that the statement is probably false. *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989). Here, Krimsky took statements from the Air Force personnel who witnessed the maneuver. Moreover, Welch agrees that he spoke with Krimsky about the incident the day it happened. Undoubtedly, the details conveyed by Welch do not exactly match the details relayed by others. However, slight variations in the versions related can hardly constitute "a high degree of awareness that the statement is probably false."[1]

Finally, Krimsky stated in his affidavit that based on personal counseling with Welch, his investigation, and statements provided to him regarding the incident, he did not entertain any doubts about the truth of the matters in the memo. In the absence of controverting proof, a defendant's affidavit is sufficient to negate actual malice. *Casso v. Brand,* 776 S.W.2d 551, 559 (Tex.1989); *Johnson v. Southwestern Newspapers Corp.,* 855 S.W.2d 182, 188 (Tex.App.—Amarillo 1993, writ denied). Krimsky's affidavit established as a matter of law that he believed the statement in the memo was factually correct and not false, and that he did not act with reckless disregard as to their truth or falsity in publishing it. Welch's eighth point of error is overruled.

In sum, we overrule Welch's eight points of error. Accordingly, we affirm the trial court's judgment.

1. Moreover, Welch's own evidence includes information he received from the FAA. That agency informed him that he had a clear record, and that its radar logs for the day in question could not confirm or refute his version of events. Even if Doss and Krimsky had contacted the FAA, they would have learned nothing more than they already knew.