**4N INTERNATIONAL, INC., Appellant,**

v.

**METROPOLITAN TRANSIT AUTHORITY, Appellee.**

No. 01–99–01363–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2001.

Glenn W. Patterson, Jr., Green, Patterson & Schultz, P.C., Houston, for Appellant.

Frederick D. Junkin, Mayor Day Caldwell & Keeton, Houston, for Appellee.

Panel consists of Justices COHEN, BRISTER, and SMITH.*

## OPINION

BRISTER,** Justice.

This is an appeal from the trial court's summary judgment in a contract dispute between appellant 4N International, Inc. and appellee Metropolitan Transit Authority. Both parties urge us to follow federal cases interpreting "termination for convenience" clauses in federal contracts, al-

though they disagree as to where that path will lead us. Finding Texas law both more pertinent and patent, we decline their invitations and affirm the trial court's judgment.

As the low bidder, 4N was awarded a contract to provide offset printing upon request from Metro during the period October 1997 to September 2000. Metro terminated the contract in March 1998 after a dispute arose regarding 4N's prices. In terminating the contract, Metro relied on the following provision:

ARTICLE 16

TERMINATION FOR CONVENIENCE OF METRO

A. METRO may terminate the Contract in whole or in part at any time after award of the Contract by written notice to [4N] if METRO determines that such termination is in its best interest. . . .

B. METRO agrees to pay [4N] . . . for items actually furnished which shall be the sole amount owing to [4N] whether for damages or otherwise by virtue of this Contract or the termination thereof.

It is undisputed that Metro has paid 4N for all items actually furnished.

4N brought suit asserting breach of contract damages of almost $5 million (although total compensation under the contract was limited to about $700,000). Metro moved for summary judgment on the basis of the termination for convenience provision (among others), and the trial court granted the motion without stating reasons.

Both parties rely on federal cases construing similar language, which is re-

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

** The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on June 18, 2001.

quired in most federal procurement contracts. *See* 48 C.F.R. §§ 49.502, 49.503, 52.249–1, 52.249–2, 52.249–3, 52.249–4, 52.249–5 (2000). It appears that federal courts have never given these words their plain meaning. *See Salsbury Indus. v. United States*, 905 F.2d 1518, 1523 (Fed. Cir.1990) (Duff, J., dissenting). Generally, termination for convenience breaches the contract if a claimant shows bad faith or clear abuse of discretion. *T & M Distribs., Inc. v. United States*, 185 F.3d 1279, 1283 (Fed.Cir.1999).

The difficulty is in defining what circumstances suffice to meet this standard. *See Northrop Grumman Corp. v. United States*, 46 Fed. Cl. 622, 628 (Fed.Cl.2000) (noting that bad faith is not limited to circumstances of prior federal case law). 4N's appeal relies on federal cases that require a governmental entity to prove changed circumstances before it may invoke a termination for convenience clause. *See, e.g., Torncello v. United States*, 231 Ct.Cl. 20, 681 F.2d 756, 772 (1982). Metro's response relies on federal cases that allow termination for convenience if the award of the contract is believed (correctly or not) to be improper. *T & M Distribs., Inc.*, 185 F.3d at 1284 (allowing termination for convenience based solely on evidence that Government terminated contract because vendor did not follow statutory competitive bidding requirements). Both parties assert there are no Texas cases interpreting similar contract language.

■ We disagree with the parties on all points. First, we do not believe federal contract law applies. The parties' contract stipulates it "shall be construed and interpreted solely in accordance with the laws of the State of Texas." If (as appears to be the case) Texas law would construe a

termination for convenience clause quite differently from federal law, the parties have expressly chosen the former. Secondly, if the parties intended to adopt a federal standard, it is clear they never had a meeting of the minds on that standard, judging from the distance between their briefs.

■ Nor do we believe it wise to adopt the federal standard to govern Texas contracts, not least of all because it is unclear what that standard is. *See Krygoski Constr. Co. v. United States*, 94 F.3d 1537, 1540 (Fed.Cir.1996) (noting that federal convenience termination case law "has not always set a clear, unambiguous standard"). More importantly, there are substantial differences between litigating with federal and state governmental entities. Congress has waived immunity for contract suits against the United States. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687, 690, 142 L.Ed.2d 718 (1999). Texas has not.[1] *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). Different policies regarding governmental immunity do not suggest we should adopt the same levels of contractual liability.

■ Accordingly, we construe article 16 under Texas law. When a contract is worded so that it can be given a definite legal meaning, it is not ambiguous and the court will construe the contract as a matter of law. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex.2000). A court may consider the parties' interpretation of a contract and admit extraneous evidence to determine its meaning only if a contract is first determined to be ambiguous. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). Custom and usage evidence cannot

---

**1.** While permission to sue Metro has been granted, TEX. TRANSP. CODE ANN. § 451.054(c) (Vernon 1999), our construction of termination for convenience clauses generally would apply to entities when it has not.

be used to contradict an express term. *Transcon. Gas Pipeline Corp. v. Texaco, Inc.*, 35 S.W.3d 658, 670 (Tex.App.—Houston [1st Dist.] 2000, pet. filed).

 Applying these standards, there is little question as to the meaning of article 16. A contract that a party may terminate in its best interest is terminable at will. *Welch v. Doss Aviation, Inc.*, 978 S.W.2d 215, 221 (Tex.App.—Amarillo 1998, no pet.). Several Texas courts have previously construed termination for convenience clauses in private contracts as contracts terminable at will. *See Accent Builders Co., Inc. v. S.W. Concrete Sys., Inc.*, 679 S.W.2d 106, 108–09 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (holding termination for convenience clause allowed termination without cause, and barred claim for wrongful termination); *see also Baker Marine Corp. v. Weatherby Eng'g Co.*, 710 S.W.2d 690, 694 (Tex.App.—Corpus Christi 1986, no writ). Accordingly, we hold that the article 16 is unambiguous and Metro was free to terminate the contract with or without cause.

▮ 4N argues that the termination for convenience clause was limited by article 19 of the contract, which set out certain dispute resolution procedures. Nothing in that section suggests it applies to complete termination of the contract (as opposed to disputes arising during the contract term), or that it is mandatory and exclusive. Construing it as either sets up an artificial conflict with article 16. Instead, we construe the contract to give effect to every article. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex.1998). And we cannot presume a contractual remedy is exclusive unless the parties make that intent plain. *Enter. Prods. Co. v. Tenneco Inc.*, 929 S.W.2d 444, 454–55 (Tex.App.—Houston [1st Dist.] 1995), *rev'd on other grounds*, 925 S.W.2d 640 (Tex.1996). Thus we do not find article 19 applicable to a termination pursuant to article 16.

We affirm the judgment of the trial court.