United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40572

_____

JESUS P. RODRIGUEZ,

Plaintiff - Appellant,

versus

HENRY ESCALON,
In His Individual and Official Capacity as
Sheriff of Hildalgo County,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
District Court Cause No. M-02-CV-119

_____

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge:

This appeal arises from a dispute between an employee and

his former employer about whether the employee had a protected

property interest in his job.  After considering the parties'

arguments and the applicable law, this Court concludes that the

employee does not have a protected property interest and AFFIRMS

the judgment of the district court finding the same.

**Factual Background**

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

The appellant, Jesus P. Rodriguez (Rodriguez), worked for the Hidalgo County (Texas) Sheriff's Department for twelve years until he was terminated in the fall of 2001. Rodriguez sought review of his termination by the Hildalgo County Civil Service Commission (the Commission). In the spring of 2002, the Commission ordered the Sheriff's Department to reinstate Rodriguez. But the Sheriff, Appellee Henry Escalon, refused to rehire Rodriguez.

In response, Rodriguez sued Sheriff Escalon under section 1983 of title 42 for depriving him of property without due process of law as prohibited by the Fourteenth Amendment to the United States Constitution. Both parties moved for summary judgment. In their motions, the parties addressed whether Rodriguez possessed a protected property interest in his job with the Sheriff's Department. After considering the parties' motions, the district court found that Rodriguez was an at-will employee of the Sheriff's Department, and thus, Rodriguez lacked a property interest within the meaning of the Due Process Clause of the Fourteenth Amendment. Accordingly, the district court granted Sheriff Escalon's motion for summary judgment, denied Rodriguez's motion, and dismissed the lawsuit. Rodriguez challenges that determination in this appeal.

## Standard of Review

This appeal presents a question of law; that is, whether Rodriguez had a protected property interest in his job. This Court reviews the district court's determination about this question of law de novo.[2]

## Whether a Property Interest Exists

On appeal, Rodriguez maintains the district court erred by concluding that he lacked a property interest in his job with the Sheriff's Department. Rodriguez admits that no contract between himself and the Sheriff's Department existed, but argues that property interests in government employment are commonly created by administrative rule-making. Relying on several Supreme Court opinions,[3] Rodriguez argues that the Commission's rules created a property interest in his employment by prohibiting arbitrary dismissal and allowing him to challenge his termination at a hearing. He also argues that this Court in *Glenn v. Newman*[4] found that similar policies and procedures indicated a mutual understanding between the employer and the employee that the employee had a property interest in continued employment. In addition, Rodriguez relies on several Commission rules that he

---

[2]*See Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 408 (5th Cir. 2002).

[3]Rodriguez relies on *Board of Regents v. Roth*, 408 U.S. 564 (1972), and *Perry v. Sindermann*, 408 U.S. 593 (1972).

[4]614 F.2d 467 (5th Cir. 1980).

asserts indicate he was not an at-will employee.

Only government employees who can show that they have a property interest in continued employment are entitled to the procedural due process protections of the Fourteenth Amendment.[5] "A property interest in employment can . . . be created by ordinance, or by an implied contract.  In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."[6]  In Texas, "there exists a presumption that employment is at-will unless that relationship has been expressly altered," either by contract or by express rules limiting the conditions under which an employee may be terminated.[7]  Any agreement to modify the at-will relationship, however, must be clear and specific.[8]  In the context of public employment, any ambiguity is resolved in favor of the state.[9]

In the instant case, no clear and specific agreement exists to modify the at-will relationship.  Although the Commission has promulgated rules regarding prohibited employee conduct, those rules are specifically stated in terms of "examples" of

---

[5]*See Bd. of Regents v. Roth*, 408 U.S. 564 (1972).

[6]*Bishop v. Wood*, 426 U.S. 341, 344 (1976).

[7]*Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003).

[8]*See Batterton v. Tex. Gen. Land Office*, 783 F.2d 1220, 1223 (5th Cir. 1986); *Byars v. City of Austin*, 910 S.W.2d 520, 523 (Tex. App.—Austin 1995, writ denied).

[9]*See Batterton*, 783 F.2d at 1223; *Byars*, 910 S.W.2d at 523.

4

prohibited conduct.  Including a non-exhaustive list of prohibited conduct does not constitute an express and specific modification of the at-will employment relationship.[10]  The Court's previous determination in *Glenn v. Newman* does not control here because the regulations at issue in *Glenn* listed the reasons an employee could be disciplined and specifically provided that suspension and dismissal could occur only "for cause."[11]  That is not the case with the Commission's rules.

Likewise, the provision for an employee grievance system such as the one included in the Commission's rules does not constitute an express and specific modification of the at-will employment relationship.[12]  Even though the Commission's rules

---

[10]*See Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).  The Supreme Court of Texas has been clear on this point:

> General comments that an employee will not be discharged as long as his work is satisfactory do not in themselves manifest such an intent.  Neither do statements that an employee will be discharged only for "good reason" or "good cause" when there is no agreement on what those terms encompass.  Without such agreement the employee cannot reasonably expect to limit the employer's right to terminate him.  An employee who has no formal agreement with his employer cannot construct one out of indefinite comments, encouragements, or assurances.

*Montgomery County Hosp. Dist.*, 965 S.W.2d at 502.

[11]*See Glenn*, 614 F.2d at 471-72.

[12]*See Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex. App.-Austin 1995, writ denied).

5

provide that the Commission will reverse the Sheriff's action if it finds the adverse employment action was arbitrary or capricious, in Texas, even an oral or written statement that an employee may be terminated for "good reason" or "good cause" without further definition of these terms will not alter the at-will employment relationship.[13]

Additionally, the "at-will" language regarding probationary employees in the Commission's rules does not constitute an express and specific modification of the at-will relationship. Notably, the rules contain no language that indicates an employee can be terminated only for good reason or for good cause. Without such language, no express and specific modification of the at-will relationship exists. Even if any ambiguity existed about whether the at-will relationship had been expressly modified, this Court must resolve that ambiguity in favor of the Sheriff.[14]

Because the at-will employment relationship between the Sheriff and his employees was not modified, Rodriguez had no protected property interest. Without a protected property interest, the district court did not err by granting the

---

[13]*See Montgomery County Hosp. Dist.*, 965 S.W.2d at 502; *Welch v. Doss Aviation, Inc.*, 978 S.W.2d 215, 221 (Tex. App.-Amarillo 1998, no pet.); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 539 (Tex. App.—Corpus Christi 1982, no writ).

[14]*See Batterton*, 783 F.2d at 1223; *Byars*, 910 S.W.2d at 523.

Sheriff's motion for summary judgment. Consequently, this Court AFFIRMS the district court's order dismissing Rodriguez's lawsuit.

AFFIRMED