**Scott R. RUNGE, Appellant,**

v.

**RAYTHEON E–SYSTEMS, INC., Appellee.**

**No. 10–00–013–CV.**

Court of Appeals of Texas, Waco.

Aug. 31, 2001.

---

John L. Bates, Bates & Cates, Waco, for appellant.

Alfred Mackenzie, Haley Davis, P.C., Waco, for appellee.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

## OPINION

GRAY, Justice.

Scott Runge interviewed with Jim Jones and left his job in Houston after Jones offered him a "contract for life" with Raytheon E–Systems, Inc. in Waco, Texas. Runge started work for Raytheon in the early part of 1997. By October 1998, Raytheon terminated Runge's employment. Runge sued Raytheon for breach of contract and retaliation. Raytheon filed a motion for summary judgment. The trial court granted Raytheon's motion without specifically stating its reasons. In four issues, Runge contends the trial court erred in: (1) upholding the defense of statute of frauds; (2) determining no "contract for life" existed; (3) sustaining the defense of "at-will" employment; and (4) holding that retaliation did not occur or alternatively that it constituted no ground for recovery. We affirm.

### Summary Judgment

Raytheon filed what purports to be a dual motion for summary judgment; that is, one which raises both no-evidence and traditional summary judgment claims. *See* Tex.R. Civ. P. 166a(c) & (i). In support of its motion, Raytheon attached deposition testimony from Runge, an affidavit from Marvis Hanchey, the Human Resources

Manager for Raytheon, a copy of Runge's employment application, a copy of a letter from Hanchey to Runge, and a copy of an employee agreement signed by Runge.

## No-Evidence or Traditional Review

■ This Court has previously determined that a no-evidence summary judgment motion should be made without presenting evidence to support the motion. *Williams v. Bank One, N.A.*, 15 S.W.3d 110, 116 (Tex.App.—Waco 1999, no pet.); *Ethridge v. Hamilton County Elec. Coop. Ass'n*, 995 S.W.2d 292, 295 (Tex.App.—Waco 1999, no pet.). This Court has also concluded that both traditional and no-evidence summary judgment claims can be raised in a single motion so long as the motion sufficiently segregates the traditional claims from the no-evidence claims. *Torres v. City of Waco*, 51 S.W.3d 814, 822 n. 7 (Tex.App—Waco 2001, no pet. h.); *see also Fletcher v. Edwards*, 26 S.W.3d 66, 72, 78 (Tex.App.—Waco 2000, pet. denied).

Raytheon's motion for summary judgment does not sufficiently segregate the traditional claims from the no-evidence claims. Therefore, we will examine the entire motion under the traditional summary judgment standard of review.

## Standard of Review

The standard of review for a traditional summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 248–

249 (Tex.App.—Waco 2001, pet. denied). The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

For a defendant to prevail on summary judgment, it must show there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990); *Larsen*, 41 S.W.3d at 249. If the defendant disproves an element of the plaintiff's cause of action as a matter of law, summary judgment is appropriate. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996). When necessary to establish a fact issue, the non-movant must present summary judgment evidence. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *Ethridge*, 995 S.W.2d at 294.

"When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

## The Petition, Motion, and Response

Runge alleged two causes of action: breach of contract and "retaliation" in his petition. Runge claimed he was offered a contract for life by Jim Jones, his future supervisor at Raytheon. Runge alleged he accepted that offer, and in consideration, quit a job of equal salary and moved to Waco. He alleged as further consideration that Raytheon agreed to pay all relocation costs including the loss on the sale of Runge's home in Houston and that Runge, as required, executed a written contract

stating that he would repay the relocation costs if he voluntarily left the employment of Raytheon within one year. Runge claimed Raytheon terminated his employment on October 8, 1998. Without waiving his breach of contract claim, Runge further alleged that he was selected for termination in retaliation for questioning the quality of the paint used on the projects to which he was assigned. He also made management aware of poisons being flushed down the sewer in violation of OSHA and other environmental agency standards.

Raytheon filed a motion for summary judgment claiming it was entitled to summary judgment on two grounds. First, it claimed (a) there was no specific and definite agreement to modify the employment-at-will relationship between Runge and Raytheon, (b) Raytheon did not authorize anyone to make an agreement with Runge, (c) Raytheon did not violate its policies in terminating Runge, and (d) Raytheon did not retaliate against Runge for reporting complaints to his supervisor. Second, Raytheon maintained that Runge's claims were barred by the employment-at-will doctrine.

Runge responded that Raytheon made a specific agreement for a "job for life" through Jim Jones. He ratified that agreement by becoming employed by Raytheon. He claimed he was not an at-will employee. Runge also urged in his response that he was retaliated against and "fired clearly and solely because he was raising issues that would cause management to be in trouble." He asserted that his situation "fit" into the *Sabine Pilot*[1] exception to the employment-at-will doctrine.

## BREACH OF CONTRACT

■ The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Southwell v. Univ. of Incarnate Word,* 974 S.W.2d 351, 354–55 (Tex.App.—San Antonio 1998, pet. denied); *Hussong v. Schwan's Sales Enterprises, Inc.,* 896 S.W.2d 320, 326 (Tex.App.—Houston [1st Dist.] 1995, no pet.). As applied to this particular suit, the first element is the existence of a valid contract for life (which would alter the employment-at-will relationship).

Raytheon contested the first element, whether there was a valid contract for life, in its motion for summary judgment. Runge claimed he was not an at-will employee because he had an oral contract for a "job for life."

■ As a general rule in Texas, "absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998). Such at-will employment, however, may become contractual based on oral statements of those in authority. *See id.; Gilmartin v. Corpus Christi Broad. Co.,* 985 S.W.2d 553, 555 (Tex.App.—San Antonio 1998, no pet.). For such a contract to exist, oral statements must show that the employer intends to make a binding contract of employment; the employer must unequivocally indicate a definite intent to be bound to not terminate the employee except in clearly specified circumstances. *Brown,* 965 S.W.2d at 502; *Welch v. Doss Aviation,* 978 S.W.2d 215, 220–21 (Tex. App.—Amarillo 1998, no pet.). General

1. *Sabine Pilot Service, Inc. v. Hauck,* 687    S.W.2d 733 (Tex.1985)

comments will not suffice; an employee must reveal a more formal agreement with the employer to modify at-will employment. *See Brown,* 965 S.W.2d at 502; *Gilmartin,* 985 S.W.2d at 556.

THE EVIDENCE

Raytheon attached portions of Runge's deposition to its summary judgment motion. Runge testified at the deposition that he was called by Jim Jones and asked to interview with Jones. Neither party disputes that Jim Jones worked for Raytheon. According to Runge, at the interview, Jones told Runge that he had an "opportunity of a lifetime" and "a job for life." Nothing more specific was said. Runge did not verify this offer with anyone else and did not ask for it to be reduced to writing. Raytheon also attached an affidavit of Marvis Hanchey, the human resources manager, who stated that Runge was hired as an at-will employee and that Raytheon never approved any agreement granting Runge a job for life. In support of Hanchey's affidavit, Raytheon attached Runge's employment application which he signed, stating he understood the employment relationship to be at-will, and Runge's employment agreement which he also signed, stating nothing in the agreement limited or restricted Raytheon's right to terminate Runge's employment at any time, with or without cause. In response, Runge reiterated he had been offered a job for life, and he accepted that offer. The purported offer of a job for life was made prior to Runge signing the employment application and employment agreement.

APPLICATION

▮ Taking Runge's statements as true, that he was offered a contract for life, this offer was not specific enough to alter the employment-at-will relationship between Runge and Raytheon.[2] The summary judgment evidence established Runge did not have a contract with Raytheon that altered the at-will employment relationship. Thus, Raytheon presented summary judgment evidence that negated an essential element of Runge's breach of contract claim. Runge failed to present some evidence that would raise a fact issue on this element. Accordingly, summary judgment on the breach of contract cause of action was proper.

RETALIATION

▮ A retaliation cause of action for a private employee requires a showing that the claimant (1) is an employee-at-will, and (2) was terminated for refusing to perform an illegal act. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985); *Simmons Airlines v. Lagrotte,* 50 S.W.3d 748, 753 (Tex.App.—Dallas 2001, no pet. h.). There is no common-law cause of action, however, for a private employee who was discharged for reporting illegal activities at the workplace. *Austin v. HealthTrust, Inc.,* 967 S.W.2d 400, 403 (Tex.1998); *Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 724–25 (Tex. 1990).

THE EVIDENCE

Excerpts from Runge's deposition revealed that he believed: (1) Raytheon was not following their contract requirements, such as not conducting all performance tests of pretreatment and top coat paint of Navy aircraft and using "non-certifiable" materials on a certified process; (2) Raytheon was machining copper beryllium im-

---

**2.** The Court of Appeals in Amarillo has rejected similar statements as a modification of the at-will employment relationship. *Welch v.* *Doss Aviation,* 978 S.W.2d 215, 220 (Tex. App.—Amarillo 1998, no pet.).

properly and without a permit required by OSHA and the EPA; and (3) Raytheon misplaced over 100 barrels of methylene chloride. According to his deposition testimony, he reported all of these complaints to his superiors.

APPLICATION

█ Taken as true, Runge's statements do not reveal that he was terminated for refusing to perform illegal activities. Even if these actions by Raytheon are illegal, the Supreme Court has declined to extend the *Sabine Pilot* exception to the employment-at-will doctrine to those individuals terminated from their jobs for reporting illegal activities. We likewise decline to extend the exception. Thus, Raytheon presented summary judgment evidence that negated an essential element of Runge's retaliation claim. Runge failed to present some evidence that would raise a fact issue on this element. Accordingly, summary judgment was proper on Runge's retaliation cause of action.

### CONCLUSION

Because Raytheon negated essential elements of Runge's two causes of action, the disposition of these issues forecloses the necessity of reviewing Runge's remaining issues. The judgment of the trial court is affirmed.

Justice VANCE concurring.

VANCE, Justice, concurring.

I concur in affirming the summary judgment in favor of Raytheon. I write to urge the Supreme Court to address the need for a common-law cause of action on "retaliation" for reporting illegal activity.

These facts do not fit within the *Sabine Pilot* exception to the at-will doctrine. *Sa-* *bine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). However, as has been noted, other states protect private sector employees who report illegal activity in the workplace. *Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 725 n. 3 (Tex.1990). It is surprising that, since the decision in *Sabine Pilot,* our Supreme Court has not adopted an exception to the at-will doctrine for employees who report illegal or fraudulent activity to their supervisors. It is ironic that an employee may have protection under *Sabine* if he or she refuses to perform an illegal task, and may have State and federal statutory protection under a "whistleblower" statute if the employee reports illegal activity to the proper authorities,[1] but is unprotected when the report of illegal or fraudulent conduct is made to the person who represents the employer's interest-a supervisor. After all: "Employees are the first to learn of activities in the workplace that may have an adverse effect upon the public and are in the best position to bring to a halt threatening conduct before irreversible damage is done." *Id.* at 729 (Doggett, J. concurring).

Our continued refusal to grant such employees protection requires them to "condone, by remaining silent, activities in the workplace that have a probable adverse effect upon the public." *Id.* at 725. "[N]o societal interest can be advanced that would support an employer's retaliation against an employee who reported activities harmful to the public. In this situation, judicial failure to modify the law constitutes neither restraint nor neutrality, but rather an active participation in perpetuating injustice." *Id.* at 726.

The Court should "craft a narrow exception that protects the interests of responsible, law-abiding employers while holding

---

1. *Winters,* 795 S.W.2d at 724, 729.

accountable those whose activities threaten the public interest." *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 403 (Tex.1998) (Gonzalez, J. concurring) (citing *Winters*, 795 S.W.2d at 726 (Doggett, J. concurring)).