Affirmed and Memorandum Opinion filed November 13, 2003
















Affirmed and Memorandum
Opinion filed November 13, 2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01357-CV

____________

 

JOSEPH PEROT, SR.,
Appellant

 

V.

 

STEWART TITLE
COMPANY, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the Civil Court at Law No. 2

Harris
 County, Texas

Trial Court Cause
No. 766,759




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Joseph Perot, Sr., appeals from a summary
judgment favoring Stewart Title Company. 
Perot sued Stewart Title alleging a breach of contract based on its
release of escrow funds to McDonald’s Corporation.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.[1]

            Stewart title moved for summary
judgment based on traditional and no-evidence grounds.[2]  The trial court granted the motion without
specifying the grounds.  We use the
normal standards of summary judgment review.[3]

            Specifically, Perot alleges Stewart Title
knew he had a legal claim to the money and breached the escrow agreement by
releasing the funds without his authorization. 
Under the terms of the escrow agreement, Stewart Title was instructed
“to hold the Escrow Sum until it receives written instructions executed by both
Buyers and Sellers.”  However, “[i]n the event of any disagreement resulting in adverse
claims or demands being made,” Stewart title was authorized “[t]o refuse to
comply with any claim or demand . . . as long as this disagreement shall
continue.”[4]

            There was indeed a dispute between
Perot and McDonald’s regarding $60,000 of the amount in escrow.  The parties are well aware of the nature of
this disagreement, so we will not recount it here.  The dispute was brought into federal court on
at least three separate occasions.[5]  In the second, a settlement agreement was
reached in which Perot agreed to release his claim to the money.[6]  However, this agreement apparently fell apart
when Perot refused to sign a written agreement, fired his attorney, and filed a
motion for reinstatement with the district court.[7]  The court refused to reinstate and no appeal
was taken.[8]  

            In the third lawsuit, Perot again
made the same claims.[9]  The district court held that the dismissal in
the second case, although made initially without prejudice to the right to move
for reinstatement, operated as a bar to the third suit because the second court
denied the motion to reinstate.[10]  The third court further held all of Perot’s
claims were time-barred under Texas
statutes of limitations.[11]  The Fifth Circuit affirmed the district
court, specifically stating: “The district court . . . properly dismissed the Perots’ claims against McDonald’s Corporation, both because
the identical claims were dismissed in a prior action and because the claims
are time-barred.”[12]

            It is therefore clear that Perot has
no extant claims to the $60,000 in escrow funds.  The money was placed in the fund by
McDonald’s; Perot sued McDonald’s for the money but he lost.  The escrow agreement authorized Stewart Title
“[t]o refuse to comply with any claim or demand . . . as long as this
disagreement shall continue.”  The
disagreement no longer continues, notwithstanding Perot’s efforts to the
contrary.[13]

            Perot would have us hold that until
he signs a document instructing Stewart Title to release the funds, it breaches
the agreement by releasing the funds.  A
release of escrow funds cannot be held up by a party with no legal claim to the
funds.[14]

            The trial court’s summary judgment
was proper on both traditional and no-evidence grounds.  As a matter of law, Perot has no claim to the
funds.  Further, Perot presented no evidence
Stewart Title breached the contract.[15]

            The trial court’s judgment is
affirmed.[16]

                                                                                    

            

/s/        Scott
 Brister

                                                                                   Chief Justice

 

Judgment
rendered and Memorandum Opinion filed, November
 13, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

 

 

 

 











[1]
See Tex. R. App. P. 47.4.

 





[2] See Tex.
R. Civ. P. 166a.

 





[3] See id.; King Ranch, Inc. v. Chapman, 46 Tex.
Sup. Ct. J. 1093, 1097, 2003 WL 22025017 (Aug. 18, 2003) (no-evidence standard); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995) (traditional standard).

 





[4]
Stewart Title also had a second option to interplead the escrow sum in a “court
of competent jurisdiction.”  The choice
is clearly left to Stewart Title to make in its own discretion.

 





[5] Perot v. McDonald’s Corp., No. 96–20653,
slip op. at 2 (5th Cir. April 3, 1997)
(“Perot I”) (affirming dismissal in
appeal of arbitrator’s decision); Perot
v. McDonald’s Corp., C.A. No. H96–1013 (S.D. Tex. Sept. 16, 1997) (“Perot II”) (“Order of Dismissal on
Settlement Announcement”); Perot v.
McDonald’s Corp., C.A. No. H01–3167 (S.D. Tex.
Jan. 10, 2002) (“Perot III”) (“Order of Dismissal”).

 





[6] Perot II, C.A.
No. H96–1013.  A transcript of the
settlement prove-up also appears in the record.

 





[7] See Perot III, C.A.
No. H01–3167.

 





[8] See Perot II, C.A.
No. H96–1013 (S.D. Tex. Jan. 2,
1998) (order denying motion to reinstate).

 





[9] In
the third lawsuit, Perot also sued Stewart Title, but that portion of the suit
was dismissed for a lack of subject matter jurisdiction (diversity) apparent on
the face of the complaint.  Perot III, C.A.
No. H01–3167.

 





[10] Id.

 





[11] Id.

 





[12] Perot v. McDonald’s Corp., No. 02–20176,
slip op. at 2 (5th Cir. Aug. 19, 2002),
cert. denied, 71 U.S.L.W. 3639 (U.S.
April 7, 2003).  The Fifth Circuit also sanctioned Perot for
filing a frivolous appeal of the dismissal of the suit against Stewart
Title.  Id.  The court warned Perot that any future abuse
of the appellate process would result in higher sanctions.  Id.

 





[13]
We disagree with Perot that Stewart Title’s motion did not raise this
ground.  In its motion, Stewart Title
stated under the heading “Why summary judgment should be granted[:] The subject
matter of Perot’s dispute with McDonald’s has been the subject of no fewer than
four adjudications.”  The motion then goes
on to discuss the settlement, the three dismissals, and the affirmance
of the third dismissal.

 





[14] Cf. Stephenson v. LeBoeuf,
16 S.W.3d 829, 842 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied) (finding portion of escrow funds should be
distributed to claimant because claim was not discharged in bankruptcy).

 





[15]
On appeal, Perot also contends the trial court erred in refusing his requests
for findings of fact and conclusions of law. 
It is well-settled that such a request is improper after a grant of summary
judgment.  See IKB Indus. (Nig.) Ltd. v. Pro-Line Corp., 938 S.W.2d 440,
441–42 (Tex. 1997).  This issue is overruled.

 

In his reply brief, Perot
cites two opinions from the Waco Court of Appeals for the proposition that when
a party attaches proof to a no-evidence motion, the court should treat it as a
traditional motion.  See Runge v. Raytheon E-Sys., Inc., 57
S.W.3d 562, 563 (Tex. App.—Waco 2001, no pet.); Torres v. City of Waco, 51 S.W.3d 814, 821 (Tex. App.—Waco 2001,
pet. denied).  However, the no-evidence
portion of Stewart Title’s motion does not cite to any proof, but relies
entirely on the assertion that Perot can show no proof of contractual duty or
breach.  Accordingly, the facts of this
case are distinguishable from those in Runge and Torres
and we need not consider whether to follow the Waco
court’s reasoning.  Indeed, in Runge, the court
specifically stated the problem was the movant’s
failure to adequately segregate the no-evidence from the traditional
grounds.  57 S.W.3d at 564.  That is not the case in Stewart Title’s
motion.

 





[16] It
should also be noted that although technically improper, see Tex. R. App. P. 38.3,
in the interest of justice, we have herein considered Perot’s additional
arguments in his reply brief.