Medallion International Corp v. Cesar Sylva etal















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00243-CV

     MEDALLION INTERNATIONAL 
     CORPORATION,
                                                                              Appellant
     v.

     CESAR SYLVA II AND 
     SYLVA ENGINEERING CORPORATION,
                                                                              Appellees
 

From the 125th District Court
Harris County, Texas
Trial Court # 98-42530
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This is an appeal of a summary judgment. Medallion brought a breach-of-contract action
against Cesar Sylva and Sylva Engineering. The trial court granted a summary judgment in
favor of each. Medallion appeals only the summary judgment as to Sylva Engineering. 
Medallion presents three issues: that the court erred (1) in granting summary judgment as to
liability, (2) in granting summary judgment as to damages, and (3) in excluding Medallion’s
expert evidence. We will reverse and remand.
FACTUAL BACKGROUND
      Medallion is a corporation that markets the consulting services of associated firms to
foreign governments and international organizations, and administers those services, all for a
percentage of the consulting fees received by the associated firms. Sylva Engineering was one
such associated firm. Medallion and Sylva Engineering signed a written Association
Agreement. Upon the departure of Medallion’s head of marketing, the parties orally modified
their agreement, so that Sylva Engineering took over the marketing of consulting services. 
Sylva Engineering assigned an employee to perform its marketing obligations, Medallion made
space and support available to her, and she visited Medallion’s offices. Other than this,
however, Sylva Engineering did not perform any marketing services. In its suit, Medallion
contends that it incurred expenses in performance under the agreement, and that Sylva
Engineering deprived it of the revenue it would have earned under the agreement. 
Summary Judgment
      In its first two issues, Medallion contends that the trial court erred in granting Sylva
Engineering’s motion for summary judgment. In its first issue, Medallion contends that the
court erred by granting the motion on the ground that there was not an enforceable contract. 
In its second issue, Medallion contends that the court erred by granting the motion on the
ground that Medallion suffered no damages. Because either ground would be a proper basis to
obtain a take-nothing summary judgment, Medallion has properly appealed each ground on
which the judgment could have been based. We must likewise address each ground.
 
 
Summary-Judgment Standard of Review
      “The standard for reviewing a summary judgment under Texas Rules of Civil Procedure
166a(c) is whether the moving party carried its burden of showing that there is no genuine
issue of material fact and that judgment should be granted as a matter of law.” Shah v. Moss,
67 S.W.3d 836, 842 (Tex. 2001). In reviewing a traditional summary-judgment motion, “the
reviewing court must resolve every doubt and indulge every reasonable inference in the
nonmovant’s favor.” Tex. Commerce Bank, N.A. v. Grizzle, 96 S.W.3d 240, 252 (Tex. 2002). 
The reviewing court must also take all evidence favorable to the nonmovant as true. Id.
      “When a trial court’s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the
theories advanced are meritorious.” Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001) (quoting Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989)).
Grounds for Summary Judgment
      The summary-judgment motion must “state the specific grounds” on which the movant
seeks judgment. Tex. R. App. P. 166a(c). This is a breach-of-contract action. The elements
of breach of contract are:
(1) that a valid contract existed,
(2) that the plaintiff performed under the contract or tendered performance,
(3) that the defendant breached the contract, and
(4) that the plaintiff was damaged as a result of the breach.
Runge v. Raytheon E-Systems, Inc., 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.).
      In its motion for summary judgment, Sylva Engineering challenged the first and the fourth
of these elements. In order to prevail, Sylva Engineering had to show that the summary-judgment evidence conclusively negated one of these elements. In other words, Sylva
Engineering had to prove conclusively that no valid contract existed or that Medallion suffered
no damages.
Existence of Valid Contract
      In its motion for summary judgment, Sylva Engineering contended that the agreement was
not a final agreement, but was merely an agreement to agree, and thus unenforceable as a
matter of law. Medallion contends that the agreement was a final agreement that left the
division of revenue to a future agreement based on criteria adequately described in the
agreement.
      In interpreting a contract, a court’s “goal is to give effect to the written expression of the
parties’ intent, viewing the contract in its entirety, consistent with applicable rules of law.” 
Tex. Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex. 1999). A contract that is
unambiguous may be construed by a court as a matter of law. Columbia Gas Transmission
Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996). In general, however, the
question of the parties’ intent to be bound by an agreement is a fact question. Foreca, S.A. v.
GRD Dev. Co., 758 S.W.2d 744, 746 (Tex. 1988).
Applicable Law
      The elements of a valid contract are “offer, acceptance, and consideration.” See TCA
Bldg. Co. v. N.W. Res. Co., 922 S.W.2d 629, 635 (Tex. App.—Waco 1996, writ denied).
      “[A] party cannot accept an offer so as to form a contract unless the terms of that contract
are reasonably certain.” Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831,
846 (Tex. 2000) (quoting Tex. Oil Co. v. Tenneco, Inc., 917 S.W.2d 826, 830 (Tex.
App.—Houston [14th Dist.] 1994), rev’d on other grounds sub nom. Morgan Stanley & Co. v.
Tex. Oil Co., 958 S.W.2d 178 (Tex. 1997)). Certainty requires that the agreement’s terms be
“sufficiently definite to enable a court to understand the parties’ obligations.” Id.
      In particular, “when an agreement leaves material matters open for future adjustment and
agreement that never occur, it is not binding on the parties and merely constitutes an agreement
to agree.” Fort Worth Indep. Sch. Dist. at 846. Nonetheless, “[t]wo persons may fully agree
upon the terms of a contract, knowing that there are other matters on which they have not
agreed and on which they expect further negotiation. Such an expectation does not prevent the
agreement already made from being an enforceable contract.” Scott v. Ingle Bros. Pac., Inc.,
489 S.W.2d 554, 556 (Tex. 1972) (quoting 1 [Arthur L. Corbin], Corbin on Contracts
93-95 (1963)).
      One of the factors that courts use to determine if the terms are sufficiently definite is
whether it is clear that the parties intended to be bound by a contract. Partial performance or
preparation to perform under the contract supports the parties’ intent to be bound by the
agreement. Foreca, 758 S.W.2d at 746 n.2 (citing Restatement (Second) of Contracts
§ 27 cmt. c); see Restatement (Second) of Contracts § 33 cmt. a (1981).
      The more limited the unfinalized terms, too, the more likely is the court to find that the
parties intended to be bound by their agreement. But a court will not redraft a defective
contract for the parties. See Amoco Prod. Co. v. Braslau, 561 S.W.2d 805, 808 (Tex. 1978). 
Nonetheless, policy favors “uphold[ing] contracts validly entered into.” Mid-Continent Supply
Co. v. Conway, 240 S.W.2d 796, 804 (Tex. Civ. App.—Texarkana 1951, writ ref’d n.r.e.)
(op. on orig. submission). Contracts for services are similar to contracts for the sale of goods. 
Restatement (Second) of Contracts § 33 cmt. e (1981). In a sales contract, where parties
intend to be bound by an agreement, but “the price is not settled, the price is a reasonable
price at the time of delivery if . . . the price is left to be agreed by the parties and they fail to
agree.” Id. Likewise, a sales contract that omits the price may be enforceable if the contract
leaves the price to be set within limits provided by the contract. Id.
Application
      In its motion, Sylva Engineering pointed to one clause in the Association Agreement,
which it argues shows that the parties did not intend a final contract. The Agreement includes
as its sixth clause that:
Sylva [Engineering] and [Medallion] will agree, on an individual project basis, upon a
formula for sharing revenue, taking into account, inter alia, the costs and normal
charges of Sylva [Engineering] for performing work, and overhead and expenses of
[Medallion] accrued since the inception of this agreement including those associated
with obtaining and administering each specific project.

Looking at the Agreement as a whole, this clause does not unambiguously show that the parties
did not intend a final agreement. 
      Medallion points to its summary-judgment evidence that the Agreement was signed before
a notary by two sophisticated businesspersons as presidents of their corporations, and that it
includes seven clauses setting out the parties’ respective obligations in some detail. Among
those clauses are indemnification and cancellation clauses. Medallion’s summary-judgment
evidence also included evidence that the parties had begun to perform under the agreement:
Sylva Engineering had designated an employee to provide marketing services under the orally
modified Agreement, Medallion had provided office space and support for her, and she had
begun to review the files in Medallion’s offices. Furthermore, the written Agreement limits
the parties in setting the division of revenue, by requiring that the division for a given project
account for “the costs and normal charges of Sylva [Engineering] for performing work, and
overhead and expenses of [Medallion] accrued since the inception of th[e] agreement including
those associated with obtaining and administering each specific project.” Thus, Sylva
Engineering did not establish as a matter of law that the parties had only an unenforceable
agreement to agree.
Damages
      In its second issue, Medallion complains of the trial court’s granting summary judgment
on the ground that Medallion had suffered no compensable damages. 
Applicable Law
      In its motion for summary judgment, Sylva Engineering argued that Medallion, as a new
business, as a matter of law could not recover lost future profits. See Helena Chem. Co. v.
Wilkins, 47 S.W.3d 486, 505 (Tex. 2001). Medallion argues that its evidence proves lost
future profits with reasonable certainty, and that in any case it is entitled to reliance damages
for its out-of-pocket expenses.
      We do not reach the lost-profits argument because, regardless of whether Medallion can
prove its lost future profits as a matter of law, the traditional rule against the recovery of future
lost profits by a new business would not bar Medallion’s recovery of its out-of-pocket
expenses. A plaintiff in a breach-of-contract action may recover “specific expense incurred in
reliance on the contract.” Restatement (Second) of Contracts § 33 cmt. e.
 
 
 
Application
      Medallion’s petition prays for its expenses, and Medallion presented summary-judgment
evidence of expenses incurred in fulfilling its duties under the contract. Thus, Sylva
Engineering was not entitled to summary judgment on damages.
Summary
      Having found that the trial court erred in granting summary judgment on both of the
grounds in Sylva Engineering’s motion, we sustain Medallion’s first and second issues.
Exclusion of Expert Evidence
      In its third issue, Medallion contends that the trial court erred in sustaining Sylva
Engineering’s objection to the summary-judgment affidavit of Medallion’s expert witness. 
Given our disposition of Medallion’s first two issues, we need not reach its third issue.
CONCLUSION
      Having sustained Medallion’s first two issues, we reverse the judgment and remand the
cause for further proceedings.



                                                                         TOM GRAY
                                                                         Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Reversed and remanded
Opinion delivered and filed June 2, 2004
[CV06]