IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00287-CV

 

EMCC,
INC., Assignee in Interest 

to
REVGRO NATIONS,

                                                                      Appellant

 v.

 

Tony
W. Johnson,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan
 County, Texas

Trial Court No. 2005-0171-CV1

 



MEMORANDUM 
Opinion



 








EMCC,
Inc. sued Tony W. Johnson for a credit card debt.  Johnson failed to answer.[1] 
The court granted EMCC a default judgment for nominal damages.  In three issues,
EMCC contends that: (1) it is entitled to judgment as a matter of law; (2) the
court’s judgment is not supported by the evidence; and (3) the court improperly
granted less relief than requested.  We modify the judgment and affirm the
judgment as modified.

 

 

ANALYSIS

          In
its second issue, EMCC contends that there is no evidence to support the
court’s judgment reducing the amount of damages.  We address this issue in four
sub-issues: (1) whether a default judgment was proper; (2) whether EMCC’s
claims entitled it to a default judgment; (3) whether EMCC was entitled to
damages; and (4) whether EMCC was entitled to attorney’s fees.

Standard
of Review

A court’s findings of fact are reviewed in the
same manner as jury findings.  See Catalina
v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994); Lucas
v. Texas Dep't of Protective & Regulatory Servs., 949 S.W.2d 500, 502
(Tex. App.—Waco 1997, pet. denied).  A no-evidence “challenge should be
addressed to specific findings rather than the judgment as a whole.”  Beard v. Beard, 49 S.W.3d 40, 54 (Tex. App.—Waco 2001, pet. denied).

Where the “appellant asserts that there is no evidence
to support an adverse finding on which she had the burden of proof, we construe
the issue as an assertion that the contrary was established as a matter of
law.”  Id; see Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); see also La
Grange v. Nueces County, 989 S.W.2d 96, 99-100 (Tex. App.—Corpus Christi 1999, pet.
denied); Ex
parte Thomas,
956 S.W.2d 782, 786 n.5 (Tex. App.—Waco 1997, pet. denied).  A
no evidence point requires consideration of “whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under
review.”  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  We “must credit favorable evidence if reasonable jurors could, and disregard
contrary evidence unless reasonable jurors could not.”  Id.

Whether
Default Judgment was Proper

A
default judgment is appropriate where the petition “properly states a cause of action,
invokes the trial court’s jurisdiction, gives fair notice to
the defendant, and does not affirmatively disclose any invalidity of the
claim on its face.”  Jackson
v. Biotectronics, Inc., 937 S.W.2d 38, 42 (Tex. App.—Houston [14th Dist.] 1996, no writ). 
“At any time after a defendant is required to
answer, the plaintiff may take a default judgment if the defendant has not
previously filed an answer, and the citation with the officer’s return has been
on file with the clerk for ten days.”  Aguilar
v. Livingston, 154 S.W.3d 832, 834
(Tex. App.—Houston [14th Dist.] 2005, no pet.); see Tex. R. Civ. P. 239; see also Tex. R. Civ. P. 107.

Johnson
filed no answer and the return of service remained on file for ten days before
EMCC requested a default judgment.  See Jackson, 937 S.W.2d at 44; see
also Tex. R. Civ. P. 107,
239; Aguilar, 154 S.W.3d at 834.  The court’s
own judgment acknowledged that “service and personal jurisdiction are proper,
all legal requirements have been met, the answer date is past, the officer’s
return has been on file for the required time period, and a default judgment is
appropriate.”  Under these circumstances, default judgment is proper.  See
id.

EMCC’s
Entitlement to a Default Judgment

EMCC
claims relief based on Texas Rule of Civil Procedure 185 and breach of contract. 
First, Rule 185 governs suits on account and applies to transactions involving
a “sale upon one side and a purchase upon the other, whereby title to
personal property passes from one to the other, and the relation of debtor
and creditor is thereby created by general course of dealing.”  Bird v.
First Deposit Nat’l Bank, 994 S.W.2d 280, 282 (Tex. App.—El Paso 1999, pet. denied) (emphasis
original); see Tully v. Citibank, N.A., 173 S.W.3d 212, 216 (Tex.
App.—Texarkana 2005, no pet.).  Transactions “resting upon special contract”
are excluded.  Id.

In
credit card cases, “no title to personal property passes from the bank to the
cardholder; rather, the card evidences a line of credit extended by the bank
which the cardholder may use to purchase goods and services from a third
party.”  Bird, 994 S.W.2d at 282; see
Tully, 173 S.W.3d at 216.  Therefore, “a credit card issued by a
financial institution does not create the sort of debtor-creditor relationship”
required by Rule 185.  Id. 
Because the record reflects that EMCC’s suit against Johnson involves a credit
card debt, EMCC is not entitled to a default judgment based on Rule 185.  See
Bird, 994 S.W.2d at 282; see
also Tully, 173 S.W.3d at 216.

Second,
to prove breach of contract, a party must show: (1) a valid contract with the
defendant; (2) plaintiff performed or tendered performance; (3) defendant
breached the contract; and (4) plaintiff suffered damages as a result of the
breach.  Critchfield v. Smith, 151 S.W.3d 225,
233 (Tex. App.—Tyler 2004, pet. denied); Runge v. Raytheon E-Systems, Inc.,
57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.).

To support its breach of contract claim, EMCC relied
on requests for admissions included in its petition.  Johnson failed to
answer either the petition or the admissions, but the court found that EMCC
“offered no evidence” that Johnson was served with the requests.  We disagree.

A “certificate by a party or an attorney of record, or
the return of the officer, or the affidavit of any other person showing
service of a notice shall be prima facie evidence” of service.  Tex. R. Civ. P. 21a (emphasis added); see
Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).  According to the officer’s return, Johnson was
personally served with the petition.  The admissions were incorporated
into the body of EMCC’s petition.  Therefore, the officer’s return constitutes
prima facie evidence that Johnson was served with both the petition and the admissions. 
See id.  Because Johnson failed to respond to the requests, the
admissions are deemed admitted.  See Tex.
R. Civ. P. 198.2(c).

Of
these deemed admissions, the following is established:

EMCC and Johnson
agreed that EMCC would provide services, goods, wares, and/or merchandise to
Johnson, for which Johnson would pay.

 

EMCC performed the
acts described in the contractual agreement by delivering to Johnson the goods,
wares, merchandise and/or services described in such agreement.  

 

The remainder
between the payments made and the purchases, plus proper interest is $8,763.85.


 

Johnson has made
payments less than the total of the purchases, plus proper interest.

 

Johnson has no
defense to the suit, and judgment should be granted, as prayed for.

 

The affidavit of
an EMCC representative also stated that Johnson “defaulted, by not paying
timely, in violation of the agreement.”

The
affidavit, pleadings, and deemed admissions establish that: (1) Johnson agreed
to make payments in exchange for a line of credit; (2) EMCC provided the
credit; (3) Johnson defaulted; and (4) EMCC was owed $8,763.85.  Thus, EMCC
conclusively proved each element of its breach of contract claim.  See Critchfield,
151 S.W.3d at 233; see also Runge, 57 S.W.3d at 565; Jackson, 937 S.W.2d at 41-42;
Tex. R. Civ. P. 107, 239.

EMCC’s
Entitlement to Damages

Finding that EMCC produced
no evidence of damages at the default hearing, the court awarded only $100 in
nominal damages.  While the court’s findings indicate that EMCC’s attorney did
not appear for a hearing, EMCC claims a hearing was not held.  No reporter’s
record exists to confirm whether a hearing occurred.  Nevertheless, the court
incorrectly concluded that EMCC failed to produce evidence of damages.

Pleadings and affidavits
“constitute a record upon which the court may base a default judgment.”  Barganier
v. Saddlebrook Apartments, 104 S.W.3d 171, 173 (Tex. App.—Waco 2003, no pet.);
see Tex. Commerce Bank v. New, 3 S.W.3d 515, 516-517 (Tex. 1999).[2] 
The pleadings, affidavits, and deemed admissions on which EMCC relied
conclusively establish that Johnson breached his contract with EMCC in the
amount of $8,763.85.  Thus, the record provided the court with a sound basis
for awarding damages in the amount of $8,763.85.  See id.

EMCC’s Entitlement to Attorney’s Fees

A
party is entitled to attorney’s fees upon a showing that the fees are
reasonable and necessary and that: (1) the claimant is represented by counsel;
(2) the claimant presented the claim to the opposing party; and (3) payment
must not have been tendered within 30 days after presentment.  Tex. Civ. Prac. & Rem.
Code Ann. § 38.002 (Vernon 1997); see Doncaster v. Hernaiz, 161 S.W.3d 594, 606 (Tex. App.—San Antonio 2005, no
pet.).  A party may obtain attorney’s fees for a claim based on “an oral or
written contract.”  See Jackson, 937 S.W.2d at 44; Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997).

An affidavit from EMCC’s attorney stated that
$2,921.28 is a “reasonable and customary” attorney’s fee.  The deemed admissions also established that: (1) EMCC
made demand on Johnson for payment of the outstanding balance due at that time;
(2) at least $2,921.28 should be awarded as attorney’s fees; and (3) Johnson
has made payments less than the total of the purchases, plus proper interest.  This
evidence conclusively proved EMCC’s entitlement to attorney’s fees in the
amount of $2,921.28.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, 38.002; see
also Jackson, 937 S.W.2d at 44; Doncaster,
161 S.W.3d at 606.

CONCLUSION

The court properly found that EMCC is entitled to a
judgment on the merits as a result of Johnson’s default.  However, in light of
the evidence, the court’s finding that EMCC failed to produce evidence of
damages and its reduction of EMCC’s damages are not supported by the record.  City
of Keller, 168 S.W.3d at 827.  Rather, default
judgment was proper and the evidence conclusively establishes EMCC’s breach of
contract claim and its entitlement to damages and attorney’s fees.  See
Jackson, 937 S.W.2d at 41-42,
44; see also Aguilar, 154 S.W.3d at 834; Critchfield, 151 S.W.3d at 233;
Runge, 57 S.W.3d at 565; Barganier, 104 S.W.3d at 173; New,
3 S.W.3d at 516-517; Doncaster, 161 S.W.3d at 606.  We, therefore, sustain EMCC’s second issue and do not address its
remaining issues.  See Tex. R.
App. P. 47.1.  We modify the
court’s judgment to reflect that EMCC recover from Johnson damages of $8,763.85;
and attorney’s fees of $2,921.28.  We affirm the judgment as modified.

 

 

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Affirmed as modified

Opinion delivered and filed October 25, 2006 

[CV06]        

 









[1]
          Johnson also did not file an Appellee’s Brief in this proceeding.





[2]
          In unliquidated damages cases, courts must hear evidence regarding
damages.  See Tex. R. Civ. P.
243.  “Because unobjected to hearsay constitutes probative evidence, it
satisfies the requirement of Rule 243 that there be evidence of unliquidated
damages.”  Tex. Commerce Bank v. New, 3 S.W.3d 515, 517 (Tex. 1999).