

# IN THE
## TENTH COURT OF APPEALS

### No. 10-11-00235-CV

**POOLS BY POOL OF ATHENS
AND GARLAND POOL,**

                                                              **Appellants**

 **v.**

**MARK AND LINDA MCGAUGH,**

                                                              **Appellees**

**From the 13th District Court
Navarro County, Texas
Trial Court No. 07-16872-CV**

## MEMORANDUM  OPINION

Mark and Linda McGaugh contracted with Garland Pool d/b/a Pools by Pool of Athens for the installation of an in-ground swimming pool at the McGaughs' residence. The McGaughs experienced several problems with the pool, including: alleged leaking and problems with the pool liner; the pool base; the pool steps; and the electrical connection for the pool pumping system. The McGaughs claimed that the alleged leaking damaged their foundation, and they incurred expenses for foundation repair,

plumbing, engineering, and home inspection.

The McGaughs eventually backfilled the pool and sued Pool, asserting various causes of action, including breach of contract. After a bench trial, the trial court issued findings of fact and conclusions of law and found for the McGaughs on their claim for breach of contract. Among other findings, the trial court found that the pool leaked and that Pool's workmanship was the cause of the leaks. The trial court awarded the McGaughs $35,524.53 in actual damages, $14,850.00 in attorney's fees, and $745.00 in court costs. Pool appeals, proceeding pro se.

Pool's pro se brief is deficient in several respects; for example, it lacks an appendix and citation to any legal authorities, and it does not properly present the issues raised. *See* TEX. R. APP. P. 38.1. Pool's overall complaint is that there is no evidence that the pool actually leaked, and he attempts to support that complaint with nineteen listed items (referred to by Pool as "issues") that discuss the evidence in the case, intermixed with argument. We invoke Rule 2 and will suspend Rule 38.1's requirements and will address Pool's legal sufficiency complaint. *See* TEX. R. APP. P. 2; *see also In re Jordan*, 264 S.W.3d 850, 852 n.1 (Tex. App.—Waco 2008, no pet.) (stating that we review and evaluate pro se briefs with patience and liberality).

The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of the breach. *Runge v. Raytheon E-Systems, Inc.*, 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.).

We construe Pool's complaint that there is no evidence that the pool leaked to be a complaint that he did not breach the contract in that respect and that the McGaughs' damages pertaining to the alleged leaking are not recoverable because there was no leaking.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We must not substitute our opinion on witness credibility for that of the factfinder. *See id.* at 816-17. There is legally insufficient evidence or "no evidence" of a vital fact when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

Regarding the leaking, Linda McGaugh testified:

- Soon after the pool was finished, they found holes in the liner on both sides of the pool's steps, and water leaked behind the liner for several days before the McGaughs could fill the holes with silicone.

- There was a leak at the bottom of the third step.

- They had to constantly fill up the pool, more than expected from normal evaporation.

- Two of the jets in the pool leaked due to a broken pipe.

- The grass between the pool and the house was wet and "always squishy."

- They hired two different plumbers to test their house plumbing for leaks to eliminate it as a source of the leaking, and each plumber found no problem.

Damon Shirley, a plumber, testified that he installed a French drain near the McGaughs' pool. Mark McGaugh had previously drilled some holes near the pool with an auger and the holes had standing water in them. Shirley dug a trench for the French drain piping, and in doing so, determined that, in his opinion, water was coming from near the pool's steps. About two hours after installing the French drain, water began to drain through it. In Shirley's opinion, the leaking water had been going under the McGaughs' house.

Norman Gorzynski, a pool builder, testified that he inspected the McGaughs' pool. He did a dye test and found a leak in the pool's return line. Ralph Mansour, a professional engineer, testified that he was retained by the McGaughs to inspect their house, and he determined that the pool leak had caused the house's foundation to shift.

Having reviewed all the evidence in the light most favorable to the McGaughs as the prevailing parties, and considering that the trial court as factfinder determines witness credibility, we hold that the evidence is legally sufficient to support the trial court's findings of breach of contract and damages pertaining to the leaking pool.

Accordingly, we overrule Pool's legal sufficiency complaint and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2013
[CV06]